IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                    *

YVETTE LEWIS BAGLEY,               *

     Plaintiff,                    *
v.                                         CIVIL NO.: WDQ-05-0184
                                   *
PROVIDENT BANK, et al.,
                                   *
     Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION AND ORDER

Yvette Lewis Bagley has sued Provident Bank and Gordon
Johnson for unlawful retaliation in violation of Title VII of
the Civil Rights Act of 1964 ("Title VII"),[1] intentional
infliction of emotional distress, intentional
misrepresentation, invasion of privacy, defamation,
negligence, and breach of contract.  Pending is Bagley's
motion to remand and the Defendants' motion to dismiss or for
summary judgment.  For the reasons discussed below, Bagley's
motion to remand will be denied, the Defendants' motion to
dismiss the Title VII claim will be granted, and the Court
will decline to exercise supplemental jurisdiction over the
state law claims.

A.   Motion to Remand

Bagley filed this suit in the Circuit Court for Baltimore

_____

[1] 42 U.S.C. § 2000(e) *et seq.* (2005).

1

City, Maryland ("the Circuit Court") in December 2004.  On January 24, 2005, the Defendants removed the case to the district court on the basis of federal question jurisdiction.

Removal was proper under 28 U.S.C. § 1441(a), which provides that a defendant may remove to the United States district court any action in which the United States district court has original jurisdiction.  When jurisdiction is founded upon the Constitution, treaties, or laws of the United States, the action is removable without regard to the citizenship or residence of the parties.  28 U.S.C. § 1441 (2005).  28 U.S.C. § 1367(a) provides that in such cases, the district court also has supplemental jurisdiction over state law claims that are so related to the federal claims that they form part of the same case or controversy.

Bagley asserts that the case must be remanded to the Circuit Court because "[i]t is well settled that there must be remand in 'matters in which state law predominates.' Plaintiff's complaint supports [her] Motion to Remand, as common law causes of action of the State of Maryland predominate in Plaintiff's [c]omplaint."  Pl.'s Mot. to Remand at 1.

28 U.S.C. § 1367(c)(2) provides that the Court may decline to exercise supplemental jurisdiction when a state

2

claim "substantially predominates" over a federal claim.  To "substantially predominate," however, a state claim must be more important, more complex, more time consuming to resolve, or in some way more significant than its federal counterpart. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 790 (3d Cir. 1995).  This will normally be the case only when "a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id.* at 789 (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966)) (internal quotation marks omitted).

Although it is true that Bagley's state claims outnumber her federal claims, the "substantially predominate" standard is not satisfied by a simple numerical count of the state and federal claims. *Id.*

Bagley also urges that her case be remanded because Provident Bank failed to obtain the written consent of all the Defendants prior to removal.  28 U.S.C. § 1446(b) provides that "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

Bagley served Provident Bank on December 29, 2004, and

mailed a copy of the Complaint to Johnson, care of Provident Bank, which he received on January 5, 2005.  Provident Bank filed its notice of removal on January 20, 2005.  Johnson filed a Notice of Removal on January 24, 2005, in which he joined Provident Bank's removal.

In order to provide individual defendants an opportunity to investigate the appropriateness of removal, "under 28 U.S.C. § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition."  *McKinney v. Bd. of Trustees of Maryland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992).

As Johnson filed his notice of removal within thirty days of his receipt of the Complaint, and within thirty days of Provident Bank's receipt of the Complaint for that matter, Bagley's motion to remand must fail.

B.   Motion to Dismiss

1.   Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

4

The function of Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the facts that support it. *Dist. 28, United Mine Workers of Am., Inc. v. Wellmore Coal Co.*, 609 F.2d 1083, 1086 (4th Cir. 1979).  Thus, a complaint may be dismissed as a matter of law only "if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory." *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 822 (D. Md. 1999).              In determining whether to dismiss a complaint, the court must accept the well-pled material allegations as true, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).  The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

    2.         Discussion

Bagley was employed by Provident Bank as a Call Audit Supervisor from 1980 until 2003.  In 2002, Bagley filed an employment discrimination charge against Provident Bank with the Equal Employment Opportunity Commission ("EEOC").

Bagley claims that in May 2004, Provident Bank retaliated against her for filing an EEOC charge by placing a notation on

her checking and savings accounts that instructed tellers to call security for authorization whenever she made transactions.  Bagley also asserts that Johnson, a Senior Field Specialist for Provident Bank, retaliated against her by saying that she was "sitting at home collecting free money." Compl. ¶ 16.

To state a retaliation claim under Title VII, a plaintiff must allege that: (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection. *Von Gunten v. State of Maryland*, 243 F.3d 858, 863 (4th Cir. 2001) *(citing Beall v. Abbott Laboratories*, 130 F.3d 614, 619 (4th Cir. 1997)).  The Defendants argue that Bagley's retaliation claim must be dismissed because she failed to allege that the Defendants took an adverse employment action against her.

"[T]here is some threshold level of substantiality that must be met for unlawful discrimination to be cognizable under the anti-retaliation clause." *Id.* (*quoting Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1456 (11th Cir. 1998)) (internal quotation marks omitted).  Plaintiffs asserting Title VII retaliation, therefore, must allege that discriminatory acts or harassment adversely affected the terms, conditions, or benefits of their employment.  *Id.* at

6

866 (*citing Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 242 (4th Cir. 1997)).

Bagley asserts that two years after she filed an EEOC charge, and a year after she was terminated by Provident Bank, the Defendants annoyed and embarrassed her.  But actions by an employer that irritate or annoy a plaintiff, without more, do not constitute adverse employment action.  *Id.* at 869.

CONCLUSION

For the reasons discussed above, Bagley's motion to remand will be denied and the Defendants' motion to dismiss will be granted.


April 26, 2005                    _____/s/_____
Date                              William D. Quarles, Jr.
                                  United States District Judge